IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | | |
|---|---|---|
| GARY MIHALOVICH and CAROL BROWN, | : | CASE NO. : 1:06-cv-352 |
| | : | |
| | : | |
| Plaintiffs, | : | ANSWER |
| | : | OF ALLIED VAN LINES, |
| | : | INC. AND MONRO |
| v. | : | MOVING & |
| | : | STORAGE, CO. |
| ALLIED VAN LINES, INC. and MONRO | : | |
| MOVING & STORAGE, CO. | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------x

Defendant Allied Van Lines, Inc. ("Allied") and Monro Moving & Storage, Co., by and through its attorneys, Chelus, Herdzik, Speyer, Monte & Pajak, P.C., and Dombroff & Gilmore, as and for its answer to the Complaint of Plaintiff herein, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to be truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to be truth of the allegations contained in paragraph 3 of the Complaint, except admits that Allied is a common carrier of goods for hire organized and existing pursuant to the laws of the State of Delaware with its principal place of business in the State of Illinois, and conducts business in the State of New York.

4. Denies the allegations in paragraph 4 of the Complaint except admits that Monro Moving & Storage, Co. is a Georgia corporation with principal offices at 1809 Wylds Road, Augusta, Georgia.

5. Denies the allegations in paragraph 5 of the Complaint except admits that, for purposes of the plaintiff's transportation services, Monro Moving & Storage, Co. was an agent of Allied.

6. Denies the allegations contained in paragraph 6 of the Complaint except admits that Monro Moving & Storage, Co., as agent, had in effect on July 13, 2004 a contract executed by Gary Mihalovich for transportation services.

7. Denies knowledge or information sufficient to form a belief as to be truth of the allegations contained in paragraph 7 of the Complaint. To the extent facts are alleged against the defendants, they are denied.

## AS TO THE FIRST CAUSE OF ACTION

8. Defendants repeat and reallege each and every response contained in paragraphs 1-7 above as if fully set forth at length herein.

9. Denies the allegations contained in paragraph 9 of the Complaint except admits that Gary Mihalovich contracted with Monro Moving & Storage, Co. for certain transportation services on or about July 2004.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Denies the allegations of paragraph 11 except admits that the plaintiff Mihalovich purchased increased coverage option, the terms of which speak for themselves.

12. Admits the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Admits the allegations contained in paragraph 14 of the Complaint.

15. Admits the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

26. Defendants repeat and reallege each and every response contained in paragraphs 1-25 above as if fully set forth at length herein.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 (a) –(k) of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

## AFFIRMATIVE DEFENSES

As further, separate and affirmative defenses to the Complaint and each cause of action thereof it is alleged:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state any claims against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or damages, if any, were caused in whole or in part by their own comparative fault and/or the comparative fault of others.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or damages, if any, should be barred and/or reduced as a result of their failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or damages, if any, should be barred and/or reduced as a result of estoppel, set-off, release and waiver, and further, that Plaintiffs' damages, if any, are contractually limited.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages are limited by the provisions of the Carmack Amendment to the ICC Termination Act of 1995 as codified in 49 USC §1301, *et.seq*. and by defendant's duly published tariffs.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint should be dismissed for Plaintiffs' failure to effect proper service of process.

**SEVENTH AFFIRMATIVE DEFENSE**

The incident and damages complained of in the Complaint were the result of acts and/or omissions of parties and/or persons over whom defendants' exercised no control.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' assumed the risk of damage to their cargo.

**NINTH AFFIRMATIVE DEFENSE**

Without admitting to the existence of any contract or responsibility, defendants contend that they did not breach any duty or contract between the parties.

**TENTH AFFIRMATIVE DEFENSE**

The incident and damages complained of in the Complaint were not a foreseeable consequence of any acts or omission of Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

No acts or omissions of Defendants were the proximate cause of the incident and damages complained of in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants are entitled to an offset of any damages that they are held liable to pay by the amount of money or other compensation the Plaintiffs already received for the alleged damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs waived their right to recover any damages allegedly caused by Defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs waived their right to recover indirect, incidental and/or consequential damages that were allegedly caused by defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs waived their right of subrogation against defendants and/or their insurer(s).

**SIXTEENTH AFFIRMATIVE DEFENSE**

That all or part of the relief sought by Plaintiffs is barred by the applicable statute of limitations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to properly notify the defendants of their claim.

WHEREFORE, defendants Allied Van Lines, Inc. and Monro Moving & Storage, Co. demand judgment against Plaintiffs on all claims dismissing the Complaint with

prejudice, together with costs and such other and further relief as this Court may deem just and proper.

Dated: June 5, 2006                                Respectfully submitted,

                                                  CHELUS, HERDZIK, SPEYER,
                                                  MONTE & PAJAK, P.C.

By:   /s/ Michael M. Chelus
       Michael M. Chelus, Esq.
438 Main Street
Suite 1000
Buffalo, New York 14202-3208
Tel. (716) 852-3600

DOMBROFF & GILMORE
Sarah L. Fifield, Esq. (SF 9774)
40 Broad Street - Suite 701
New York, New York 10004
Tel. (212) 742-8450

Counsel for Defendants
Allied Van Lines, Inc. and
Monro Moving & Storage, Co.

46512

349785.1